# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PANAGIOTIS MANOLOPOULOS, )
)
Plaintiff, )
)
vs. ) Case No. 16-1364-EFM-KGG
)
LIFE LINE SCREENING, )
)
Defendant. )
_____ )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging diversity jurisdiction in the context of negligence relating to his medical records, Plaintiff Panagiotis Manolopoulos has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed), and a Motion to Appoint Counsel (Doc. 4). Having reviewed Plaintiff's motions, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status (Doc. 3) but **DENIES** his request for counsel (Doc. 4).

I.   **Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 67 years old and married with no dependents. (Doc. 2-1, sealed, at 1-2.) Plaintiff is currently unemployed but lists a prior job that generated a small income. He lists an amount for annual Social Security benefits. (*Id*., at 4.) It appears that his wife, who is 68 years old, is currently employed, earning less than Plaintiff's Social Security benefits. (*Id*., sealed, at 2-3.)

Plaintiff and his wife own their home, outright. They also own two modest automobiles with a small amount of residual value. (*Id*., at 3, 4.) He enumerates

2

certain other reasonable expenses, including groceries, utilities, and insurance. (*Id*., at 5.)  He lists a small amount of cash on hand.  (*Id*., at 4.)  He also has fairly significant consumer debt given his income.  (*Id*., at 5-6.)  He has not, however, filed for bankruptcy.  (*Id*., sealed, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff and his wife have a modest monthly income based largely on government benefits coupled with reasonable living expenses and significant debt.  The Court is not prepared to require Plaintiff, as a senior citizen, to borrow against the equity in his home to pay his filing fee.  The Court thus finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) and directs that the cases be filed without payment of a filing fee.

**II.    Motion to Appoint Counsel.**

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 3.)  The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for him to afford counsel absent mortgaging his home.  The second *Castner* factor is Plaintiff's diligence in searching for counsel, which the Court finds Plaintiff to have established.  (*See* Doc. 4, at 2-3.)

The next factor is the merits of Plaintiff's case.  *See **McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  While the Court has certain reservations as to the viability of Plaintiff's claims, particularly given the dearth of factual information contained in the Complaint, the Court does not find Plaintiff's claims to be frivolous on their face.  The analysis will thus turn to the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, although more specificity may be required, the Court finds Plaintiff to be an articulate individual with the ability to gather and present facts crucial to this case. Although he is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel

(Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 27th day of September, 2016.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge