## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PANAGIOTIS MANOLOPOULOS, )
)
               Plaintiff, )
)
vs. )   Case No. 16-1364-EFM-KGG
)
LIFE LINE SCREENING, )
)
              Defendant. )
)

## MEMORANDUM & ORDER ON
## MOTION FOR APPOINTMENT OF COUNSEL

NOW BEFORE THE COURT is Plaintiff's request for the undersigned Magistrate Judge to reconsider his request for appointment of counsel. (Doc. 53.) For the reasons set forth herein, the Court **GRANTS in part** Plaintiff's motion.

In the context of Plaintiff's prior request for counsel (Doc. 4), the Court analyzed the four factors identified by the Tenth Circuit to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. (*See* Doc. 5, at 3-4, citing ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th

Cir. 1992) (listing factors applicable to applications under Title VII)).  The Court found that Plaintiff established the first three factors – ability to afford counsel, diligence in searching for counsel, and merits of the case.  (Doc. 5, at 3-4.)  Even so, the Court denied Plaintiff's motion after finding that his case was not unusually complex.  In that context, the Court saw no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  (*Id.*, at 5.)

Since that Order was entered, the Court has set this case for a Settlement Conference on April 27, 2017.  (Doc. 66, text entry.)  Under these circumstances, the Court finds that it would be in the best interests of all parties to have Plaintiff represented for the limited purpose of conducting the Settlement Conference.  This District allows representation for limited purposes pursuant to D. Kan. Rule 83.5.8.

The court hereby appoints Paul McCausland of Young, Bogle, McCausland, Wells & Blanchard, P.A., who is a member of the bar of this Court, to represent Plaintiff for the limited purpose of the Settlement Conference set for April 27, 2017, in this action.  Newly-appointed counsel's contact information is as follows:

> Paul McCausland
> Young, Bogle, McCausland, Wells & Blanchard, P.A.

>100 North Main, Suite 1001
>Wichita, KS 67202
>Phone: 316/265-7841    Fax: 316/265-3956

The court requests that the above-enumerated attorney file a formal, limited entry of appearance.  The Court also directs Plaintiff and counsel to review D. Kan. Rule 83.5.8 regarding limited representation as well as D. Kan. Rules 83.5.3(e)(2) and (f) and 83.5.3.1 regarding the reimbursement of out-of-pocket expenses incurred by appointed counsel.

The clerk is directed to send a copy of this order to the above-enumerated attorney and to Plaintiff in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's renewed motion to appoint counsel (Doc. 53) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 7th day of April, 2017.

>S/ KENNETH G. GALE
>KENNETH G. GALE
>United States Magistrate Judge

3